And we'll move to our fourth case this morning, which is McFields v. Dart. All right. We have one lawyer, but not two. Mr Branham Are you with us. Here you go. All right. Can you hear me. Yes, I can hear you. All right. Mr. Flaxman. Welcome. Go ahead. Thank you, your honor. May it please the court. The standard of care. In correctional dentistry. Is to respond to any complaint. Of dental pain. With a face to face evaluation by a registered nurse or a higher level practitioner. The plaintiffs in this case. Contend that defendants. Failed to meet that standard. Instead of a face to face evaluation. And so. The standard of care. Is that when defendants rely or relied. On a paper triage. Where someone could be a registered nurse could be a dental assistance. Would read. A written health service request form, a complaint of dental pain. And decide. How serious the complaint was. The standard of care.  Of dental pain. This is a problematic. Procedure. I think we can all. Agree that people who find themselves at the jail are often. Not articulate in their written communications. The theory of plaintiff's case is that the paper triage policy of a registered nurse. Resulted in gratuitous pain. A registered nurse or a higher level practitioner could prescribe over the counter pain medication. A registered nurse or a higher level practitioner could assess the seriousness of the complaint. And see that people who had serious problems received prompt dental treatment sooner than people. Who had routine or even non-existent problems. We sought to. Maintain the cases of class action. We sought to maintain the cases of class action. The common question that we proposed. Was whether the failure to conduct the face-to-face evaluation is objectively unreasonable and resulted in a denial of the pretrial detainees 14th amendment, right. To medical and dental care. The district court said that this was an improper. And.  And. That's a fair. Common question, because in his view. We would not win if we prove that there was a policy of not doing face-to-face evaluations. We would lose on the merits. That's. Not the standard that this court has applied in. And. And. Reviewing. Class certification. Um, Uh, judge County might remember a case where there was a similar claim about, uh, Uh, 24 hour rule for, uh, Uh, face-to-face assessment of a written complaint of dental pain. Uh, this case does not have that 24 hour rule or any time limit at all. It just asserts that there is no face-to-face evaluation. And seeks to litigate whether that. Uh, Whether, uh, the claim is. Common to the class. And it is common to the class. And if, if the planes win or lose on that, it will drive the outcome of the litigation. Um, In driver versus Marion County sheriff. Uh, there was a question about 72 hours of delay and people. Um,  At the time of the, uh, of being released and the court agreed with that was a. A common question because the policy. I caused them people to be detained for an unconstitutional. Unreasonable length of time. Um, Hi. Um, I would love to answer questions, but otherwise I'll, I'll keep going or I can stand for questions and rely on the written submissions. I thought the, um, Claim here was key to, uh, Timing requirement. I thought the allegation was that the standard of care requires. Evaluation within 48 hours. No, there's absolutely no time requirement in this case. We have learned from Phillips. And from Harper. That talking about time limits is the kiss of death to a common question. This is about. The total absence of a face-to-face evaluation, the substitution of a paper triage. For. The face-to-face evaluation. And it could be. That time limit was part of your original claim, but you've modified it since then. It wasn't in the original. It was the original claim in the Phillips case. But in this case, in the amended complaint, in the class motion, we didn't talk about 24 hours. We just talked about the policy. Of not doing a paper of not doing a face-to-face. And doing a paper triage. But your, your original, um, Proposal in your complaint. Had that 48 hours reference, but that was omitted in your ultimate motion for a certification. That's correct. Okay. So, so that's just dropped out. This is a Latin phrase for. No longer being operative, but I don't remember the Latin phrase, but that's, that's not part of our case. There's no 48 hour claim or a three hour claim. Or a 24 hour claim is just a claim that they don't do it. And I think judge St. Eve had a similar situation when she was a district court judge. About people who were, uh, who went to court and the judge said you can be real. You're this case is over. You should be released. And the claim in that case was, well, it took too long to release people. Judge St. Eve said that can't be a class. That can't be a common question. The plaintiffs and it wasn't me.   There's a lot of different ways to go about this. I think we need to then reframe their claim to talk about the procedures. That the sheriff followed and bringing people back to the jail. From the court and the district court. Um, so that could be a class. That could proceed as a class. And that's what we're doing. I just want to be clear here. Are you claiming a systemic deficiency claim? It's a systemic claim. It's a systemic claim here as opposed to an individual claim or individualized claims. It's a systemic claim. It's only systemic. We've identified at least six. We've estimated there are at least 6,000 people. Who did not, who made a written complaint of dental pain and did not receive a face-to-face assessment. That's systemic. And we'd have to prove systemic for it to be a, um, um, to get Mono liability against the sheriff. As I recall. Um, if there are no further questions, I would. Council, do you have any, are there any cases of. Uh, address that sort of face-to-face assessment, uh, universally. Uh, no, there are no cases assessing that. No, there are no cases assessing that. There are policies and the federal bureau of prisons, prisons mandates a face-to-face evaluation. By the registered nurse or higher level practitioner. And their, their rule says do it within 24 hours, but I think the standard of care. We assert, and we could prove with competent evidence is that there'd be a face-to-face assessment. And then there's the, um, the other thing I'd like to point out is that you can't rely on people who are. Not very articulate. Don't have good written communication skills, or if they do have good written communication skills would likely exaggerate. About the extent of their dental pain. You have to look in the mouth and looking in the mouth.   And with that, you said they're now complying with their written policy. Um, I thank the court. All right. Thank you. Mr. Branham. You're still muted. Mr. Brandon. Or Brandon. I'm sorry. You're still muted. Mr. Brandon. There you go. Okay. May it please the court. Samuel Brandon, on behalf of appellees, cook County. And sheriff dart. This court should affirm the district court's denial of class certification. For two reasons. First, the district court correctly applied the law. When it found that rule 23 is commonality. Typicality and predominance requirements were not met. Second, as addressed in our brief. Appellant is not an adequate representative. For a properly pleaded class under the applicable two-year statute of limitations. I will be focusing my oral argument on the first issue. Under the 14th amendment to the U S constitution. Free trial detainees are guaranteed the right to adequate medical care, including adequate dental care. The 14th amendment, however, does not mandate that a detainee receive a face-to-face evaluation by a nurse or a higher level practitioner prior to receiving dental treatment. Or being evaluated by a dentist. Appellant is asking this court to view the alleged policy regarding face-to-face assessments in a vacuum. And to ignore the treatment provided by dentists at the jail. Under appellant's theory of the case. A detainee could submit a health service request form. Receive treatment by a dentist the same day and could still recover damages simply because they face-to-face assessment by a nurse did not occur prior to receiving treatment. Appellant's argument that the face-to-face assessment should be considered to the exclusion of the overall treatment received is a flawed argument. As the district court correctly found a lack of a face-to-face assessment can be a constitutional violation only to the extent it results in inadequate dental care. And whether a detainee received inadequate dental care must be considered from the totality of facts and circumstances. The lack of a face-to-face assessment is only one fact to consider in the overall analysis of whether a detainee received adequate dental care. Because it is only one fact to consider and one that is not particularly helpful in the overall analysis. Resolving the question regarding face-to-face assessments does not drive resolution of the litigation. Therefore, the commonality requirement is not met. In assessing whether a detainee received adequate dental care, other facts must be considered, including the nature of the individual's complaint, the nature of the treatment provided, the timing of the treatment, any history relevant to the individual, and so on. Because the question regarding face-to-face assessments does not drive  resolution of the litigation, the commonality requirement is not met. Because the question regarding face-to-face assessments does not drive resolution of the litigation, the commonality requirement is not met. Finally, far from establishing that an appellant's claim is typical of the class claims, an appellant has not even established that his claim is typical of the claims of the other three named plaintiffs. Other than McField's, the dental issues experienced by the other named plaintiffs are not clear in the record. The four named plaintiffs' claims also reflect varying wait times for treatment that are calculated differently. Accordingly, appellant failed to meet his burden to establish that his claims share the same essential characteristics as the claims of the class at large. Appellant alleged in his complaint not that he received no dental treatment, but that he experienced a delay in treatment. Appellant alleged that he experienced gratuitous pain from the time he submitted an HSRF to the time a dentist alleviated the pain by extracting a tooth. Although delayed treatment may constitute inadequate dental care, the delay in treatment is not a factor that is either always or never significant. Instead, the amount of time that is reasonable must be assessed considering the individual's dental condition, the ease of the treatment provided, and other relevant factors, such as whether the individual refused any treatment or evaluation, and whether the individual received palliative care in the interim. For instance, an individual could complain of pain stemming from a variety of dental conditions, such as gingivitis, a loose tooth, cavities, or an infection. An individual could complain of pain, but what is really meant is an individual could write on a form that he is in pain, yet be completely healthy with no dental condition at all. These individual assessments would need to be made to determine whether the timing of treatment was reasonable in an individual case. Barring an analogy from the Supreme Court and Louis V. Casey, a healthy inmate who suffers no deprivation of needed dental treatment cannot claim a violation of his constitutional right to dental care simply on the ground that he did not receive a face-to-face assessment. Based on Appellant's theory of the case, a healthy inmate could recover damages simply because he did not receive a face-to-face assessment after submitting an HSRF in which he falsely claimed dental pain. Because Appellant seeks to hold liable only local government entities, his claim is that he suffered a deprivation of a federal right as a result of a local government's policy, which was the proximate cause of his injury. As this court pointed out in King v. Kramer, the question of whether there existed a policy or custom is distinct from the question of whether the plaintiff presents a cognizable constitutional injury. Appellant conflates his allegation of a policy, the lack of a face-to-face assessment, with his allegation of a constitutional injury, inadequate or delayed dental care. As the District Court correctly found, whether a detainee received inadequate or delayed dental care is an individual assessment. The District Court correctly applied the law and did not abuse its discretion when it denied Appellant's motion for class certification. For these reasons, this court should affirm the District Court's decision and affirm the District Court's entry of judgment in favor of appellees. If there's any questions, I'd be happy to answer them. Hearing none, I thank you, Mr. Branham. Thank you, Your Honors. Mr. Flaxman, you had some time left. If there's anything else you'd like to say. Well, I'd like to clarify a question that would answer to a question. The original complaint and the amended complaint both had a 48-hour period, which came from the written rule of the jail. The motion for class certification dropped the 48-hour period, and that motion was framed just in terms of is there or is there not a face-to-face evaluation. The arguments about the other named plaintiffs is probably not a good case. They settled without reserving any right to appeal, so they're no longer in this case. This is Mr. McField, who properly preserved his right to appeal the denial of class certification. I thank the court for its attention. All right. Thank you very much. Our thanks to both counsel.